**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4060**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PRETTY BOY COE,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:11-cr-00092-HEH-1)

Submitted:  July 13, 2012        Decided:  August 1, 2012

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Megan A. Kerwin, Research and Writing Attorney, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pretty Boy Coe appeals the district court's denial of his motion to suppress prior to his guilty plea to possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006), and possession of cocaine base, in violation of 21 U.S.C. § 844 (2006). We affirm.

This court reviews the factual findings underlying a district court's ruling on a motion to suppress for clear error and its legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). When evaluating the denial of a suppression motion, this court construes the evidence in the light most favorable to the Government. Id. "We defer to the district court's credibility findings, as it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Griffin, 589 F.3d 148, 150 n.1 (4th Cir. 2009) (internal quotation marks and citation omitted). Pursuant to a lawful stop, "an officer who has reasonable suspicion to believe that a vehicle contains illegal drugs may order its occupants out of the vehicle and pat them down for weapons." United States v. Rooks, 596 F.3d 204, 210 (4th Cir. 2010).

Reasonable suspicion is a less demanding standard than probable cause. Illinois v. Wardlow, 528 U.S. 119, 123 (2000).

2

It must be evaluated using common sense and measured by a totality of the circumstances. United States v. Powell, 666 F.3d 180, 186 (4th Cir. 2011). Courts are entitled to credit the practical experience of police officers who encounter criminal activity on a regular basis. United States v. Branch, 537 F.3d 328, 336-37 (4th Cir. 2008). A "person's possible involvement in prior criminal activity . . . can be relevant in establishing reasonable suspicion." Powell, 666 F.3d at 188; United States v. Sprinkle, 106 F.3d 613, 617 (4th Cir. 1997). This information must be paired with other, concrete factors. Foster, 634 F.3d at 247. An area's propensity for crime may also be considered. Branch, 537 F.3d at 338.

Coe does not contest the legitimacy of the traffic stop. He instead argues that the factors present at the time the officers conducted a pat-down do not support a finding of reasonable suspicion. We disagree. Our review of the record leads us to conclude that the facts known to the officers supported reasonable suspicion that the vehicle contained controlled substances, which allowed the officers to remove the occupants and conduct a pat-down of each for weapons.

Coe argues that even if reasonable suspicion existed, the officers' actions indicated that they did not subjectively believe he was armed. Because the test is an objective one, we reject this argument. See, e.g., Rooks, 596 F.3d at 210 ("we

3

must uphold a police officer's actions — regardless of the officer's subjective intent — if sufficient objective evidence exists to validate the challenged conduct"); <u>Powell</u>, 666 F.3d at 186 (the reasonable suspicion standard is an objective one). Coe lastly argues that the district court erred in not considering his race and that of the officers as a factor in its analysis of reasonable suspicion. Because race is not an appropriate factor in the reasonable suspicion analysis, we also reject this argument.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4